IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRUCE HARRIS                                                          PLAINTIFF

vs.                                Civil No. 4:12-cv-04127

CAROLYN W. COLVIN                                                     DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

        Bruce Harris ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of

disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 6.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

## 1. Background:

        Plaintiff protectively filed an application for DIB and SSI on April 8, 2010.  (Tr. 61, 172-

179).  Plaintiff alleged he was disabled due to a back injury, kidney and liver problems.  (Tr. 189).

Plaintiff alleged an onset date of October 20, 2009.  (Tr. 189).  These applications were denied

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

initially and again upon reconsideration.  (Tr. 107-113, 119-122).  Thereafter, Plaintiff requested an administrative hearing on his applications and this hearing request was granted.  (Tr. 123).

Plaintiff's administrative hearing was held on May 19, 2011.  (Tr. 74-102).  Plaintiff was present and was represented by counsel, Michael Sherman, at this hearing.  *Id.*  At the time of this hearing, Plaintiff was fifty-one (51) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d), and had an 11th grade education.  (Tr. 77-78).

On June 20, 2011, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI.  (Tr. 61-69).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2009.  (Tr. 63, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 20, 2009.  (Tr. 63, Finding 2).

The ALJ determined Plaintiff had the severe impairments of non-insulin dependent type-2 diabetes mellitus, asymptomatic polycystic kidney disease, and a compression fracture at L2.  (Tr. 63, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 63-64, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.  (Tr. 64-67).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the full range of light work.  (Tr. 64, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 67, Finding 6).  The ALJ found Plaintiff unable to perform his PRW as a truck driver, chicken processor, construction

2

worker, warehouse laborer, and handyman.  *Id.*  The ALJ then used Medical-Vocational Guidelines Rule 201.18 and Rule 202.11 to reach a conclusion of "not disabled," based on Plaintiff's age, education, vocational background, and residual functional capacity.  *See* 20 C.F.R. pt. 404, subpt. P, app. 2, § 201.27.  (Tr. 68, Finding 10).  The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, at any time through the date of his decision.  (Tr. 68, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 171).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On October 17, 2012, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on October 24, 2012.  ECF No. 6.  Both Parties have filed appeal briefs.  ECF Nos. 9, 10.  This case is now ready for decision.

## 2. <u>Applicable Law:</u>

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 9, Pg. 8-14. Specifically, Plaintiff claims the ALJ erred: (1) in the RFC determination of Plaintiff and (2) in the credibility determination of Plaintiff. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 10. Because this Court finds the ALJ erred in the credibility determination of Plaintiff, this Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler* or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v.*

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

*Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis.  While the ALJ indicated the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 had been considered (Tr. 64), a review of the ALJ's opinion shows that instead of evaluating these factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing credibility.[3]   In his opinion, the ALJ only made the following perfunctory statement regarding Plaintiff's subjective complaints:

> After careful consideration of the evidence, I find that Mr. Harris' medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, his characterization of the intensity, persistence and limiting effects of his symptoms is not credible to the extent it is inconsistent with the above residual functional capacity assessment.

(Tr.67).

---

[3] The ALJ also did not even specifically reference the *Polaski* factors which, although not required, is the preferred practice.  *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007).

In briefing this matter, Defendant references several factors that could have been significant and that do support the ALJ's credibility determination. ECF No. 10 at 10-13. The only problem is that the ALJ did not actually state those factors in his decision. This analysis and these factors only appear in Defendant's briefing in this matter. Such an attempt to bolster the ALJ's credibility determination after-the-fact is improper. Instead, the ALJ has the responsibility to state those factors and inconsistencies in his opinion. *See Baker,* 159 F.3d at 1144.

The ALJ made no specific findings regarding the inconsistencies between Plaintiff's claimed subjective complaints and the record evidence. The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record. The ALJ failed to perform this analysis. This lack of analysis is insufficient under *Polaski*, and this case should be reversed and remanded for further consideration consistent with *Polaski*. Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* should be performed.

## 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **11th day of December 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE